[No. 31735. *En Banc.* March 27, 1951.]

THE STATE OF WASHINGTON, *on the Relation of John Dasch-bach et al., Plaintiffs*, v. VICTOR A. MEYERS, *as President of the State Senate, et al., Respondents.*[1]

[1]Reported in 229 P. (2d) 506.

John *Caughlan* and C. T. *Hatten,* for relators.

The *Attorney General* and *Lyle L. Iversen, Assistant,* for respondents.

PER CURIAM.—Relators ask for a writ of mandate against the respondents directing them to affix the true date of passage upon a bill, and true dates upon the proceedings of the legislature relative thereto.

It is relators' contention that senate bill No. 379, now referred to as chapter 251 of the Session Laws of 1951, came before the Senate for final passage March 9, 1951, which was the sixty-first day of the session, and that the records of the Senate erroneously show that such bill was passed March 8, 1951, and the records of both houses show that the bill was enrolled on that date, and that by such false entries the time wherein a referendum might be taken by relators was shortened. See Washington state constitution, Art. II, § 1, as amended by the seventh amendment.

Had the bill been passed and enrolled on the 8th day of March, the governor would have had until March 20th to act upon it. Washington state constitution, Art. III, § 12. He vetoed certain sections and approved the remainder on March 19th.

The relators have raised certain issues which lead directly into a serious question as to the validity and constitutionality of measures passed after the sixtieth day of the legislative session, which question it is not necessary to here pass upon.

The relators, who allege that they seek a referendum on chapter 251 of the Laws of 1951, have not been injured by the change of date complained of, as they could not institute a referendum until after the bill in question had been signed by the governor, and he acted upon the measure within the constitutional time limit.

There is still another reason why the writ should not issue. The legislature and this court are co-ordinate branches of our state government, and we cannot interfere with the legislature in its legislative processes, but are limited to a consideration of the constitutionality and interpretation of its acts.

Writ denied.